# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 25-1284**

**September Term, 2025**

FERC-CP16-455-003
FERC-CP16-455-006
FERC-CP16-455-005
FERC-CP16-455-000
FERC-CP16-455-002
FERC-CP16-454-009
FERC-CP16-454-008
FERC-CP16-454-006
FERC-CP16-454-003
FERC-CP24-70-001
FERC-CP24-70-000
FERC-CP16-454-000
FERC-CP20-481-000
FERC-CP20-481-003
FERC-CP20-481-001
FERC-CP20-481-002

**Filed On: March 31, 2026** [2166339]

South Texas Environmental Justice
Network, et al.,

      Petitioners

   v.

Federal Energy Regulatory Commission,

      Respondent

----------------------------

Rio Bravo Pipeline Company, LLC, et al.,
           Intervenors

## O R D E R

Upon consideration of the motion for a sixty-day briefing period for respondent, the opposition thereto, and the reply; and the joint briefing proposal, it is

**ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---|
| Petitioners' Brief | May 4, 2026 |
| Respondent's Brief | June 18, 2026 |

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1284**                                          **September Term, 2025**

| | |
|---|---|
| Intervenor for Respondent's Brief | June 25, 2026 |
| Petitioners' Reply Brief | July 9, 2026 |
| Deferred Appendix | July 23, 2026 |
| Final Briefs | July 31, 2026 |

All issues and arguments must be raised by petitioners in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

The court reminds the parties that:

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
       Michael C. McGrail
       Deputy Clerk
